UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDLINE INDUSTRIES, INC., an Illinois corporation, | ) ) ) | CIVIL ACTION NO. : |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| STANDARD TEXTILE CO., INC., an Alabama corporation, | ) ) ) | **Demand for Jury Trial** |
| Defendant. | ) ) ) | |

Plaintiff Medline Industries, Inc. ("Medline"), for its Complaint against Defendant Standard Textile Co., Inc. ("Standard"), alleges the following:

This action arises from Standard's sale of a baby blanket that is virtually identical to Medline's iconic Kuddle Up baby blanket. Medline's enormously successful design – which is a federally-registered trademark – was created over sixty years ago and is well known to consumers throughout the country. As Standard uses the same mark for the same goods, consumer confusion is inevitable. Medline brings this action to prevent confusion and to protect its valuable trademark rights and goodwill.

## THE PARTIES

1. Medline is an Illinois corporation with its principal place of business in Northfield, Illinois.

2. Upon information and belief, Standard is an Alabama corporation with its principal place of business in Cincinnati, Ohio.

-2-

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because the action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court has supplemental jurisdiction over Medline's state law claims pursuant to 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different states.

4. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Medline's claims occurred in this district.

**FACTS**

A. **The Kuddle Up Blanket and Kuddle Up Design Mark**

5. Medline's Kuddle Up blanket, shown below, is an American icon. It has been a fixture in hospitals and homes for generations.



6. Medline owns U.S. Trademark Registration No. 4980889 for the design shown on the Kuddle Up blanket (the "Kuddle Up Design Mark") for "baby blankets" in Class 24. A copy

of this registration is attached as Exhibit A.  Medline's trademark registration is prima facie evidence of the validity of the Kuddle Up Design Mark; Medline's ownership of the Kuddle Up Design Mark; and Medline's exclusive right to use the Kuddle Up Design Mark in commerce on or in connection with baby blankets.  15 U.S.C. § 1115(a).

7. As a result of Medline's extensive use and promotion of the Kuddle Up Design Mark over many years, Medline also owns common law trademark rights apart from its federal registration.

8. The Kuddle Up blanket was created by Irving Mills, owner of Mills Hospital Supply (Medline's predecessor), and first sold in approximately 1950.

9. Medline sells well over one million Kuddle Up blankets annually featuring the Kuddle Up Design Mark.  Since 1980, it has sold close to thirty million (30,000,000) blankets featuring this design.  Medline currently sells such blankets to over 400 accounts throughout the United States, and also sells the blankets directly to consumers via Amazon.com.

10. Medline's Kuddle Up blanket and the Kuddle Up Design Mark have been the focus of substantial media coverage over many years.

11. In 2011, for example, NPR broadcast a story on *All Things Considered* on the Kuddle Up blanket, featuring an interview with Jim Robertson of Medline.  This story, called "Born In the USA?  This Blanket Might Look Familiar," explained that Medline's Kuddle Up blanket has "woven itself into American life" and has "become a staple in hospitals across the country." [1]

12. In April of 2014, the *New York Daily News* published an article about Medline's "ubiquitous" Kuddle Up blanket.  It explained:

---

[1] http://www.npr.org/2011/07/22/138575125/born-in-the-usa-this-blanket-might-look-familiar.

New York hospitals accept no substitute. All of the blankets are part of the Kuddle Up line from Medline, a medical supply firm based in Mundelein, Ill.[2]

13. In October of 2014, *Quartz*, a popular online journal, published an article on the remarkable history of the Kuddle Up blanket. This article, titled "Why every newborn you see on Facebook is wrapped in the same baby blanket," stated:

> You've seen the one, whether you've had a baby or not: it is mostly white, with thick blue and thinner pink stripes at the edges. If you're on Facebook or Instagram, you've seen it tens, maybe hundreds of times.
>
> The blanket is part of the Kuddle-Up line made by a Mundelein, Illinois-based healthcare supply company called Medline.[3]

14. In April of 2015, *The Huffington Post* wrote:

> Known as the Kuddle-Up blanket, a company called Medline started making them 60 years ago in an effort to update the drab beige hospital blanket. … [T]his wrap has become symbolic of the miracle of birth across the United States.[4]

15. Medline's Kuddle Up blanket also has received coverage in numerous other print and online publications, from the *Chicago Tribune* to the *Detroit Free Press* to the *Knoxville News Sentinel*.

16. As a result of Medline's enormous sales and widespread media coverage, the Kuddle Up Design Mark is widely associated with Medline. Medline has built up extraordinary goodwill in this mark, which is of great value to Medline.

B. **Standard's Infringing Use of the Kuddle Up Design Mark**

17. Standard, a competitor of Medline, sells baby blankets that are virtually identical to the Kuddle Up blanket and feature the Kuddle Up Design Mark. Upon information and belief, Standard sells these knock-off blankets in Illinois and throughout the United States.

---

[2] http://www.nydailynews.com/life-style/fashion/baby-blanket-rocks-article-1.1786512.
[3] http://qz.com/280475/why-every-newborn-you-see-on-facebook-is-wrapped-in-the-same-baby-blanket/.
[4] http://www.huffingtonpost.com/2015/04/30/world-birthing-traditions_n_7033790.html.

18.     Standard's knock-off blanket has received attention recently due to widely circulated photographs of Dream Kardashian, the daughter of Rob Kardashian (of reality television fame), wrapped in Standard's blanket. As shown below, in an image from *E! Online*, Standard's blanket looks just like Medline's Kuddle Up blanket:



Similar images appeared on numerous other entertainment and gossip sites in November of 2016, such as *People* and *TMZ*.[5]

19.     Upon information and belief, long after Medline established trademark rights in the Kuddle Up Design Mark, Standard began using this mark, with knowledge of Medline's rights and with an intent to deceive consumers.

20.     Medline attempted to resolve this matter amicably. On November 22, 2016, Medline's counsel sent a letter to Standard's counsel objecting to Standard's use of the Kuddle Up

---

[5] http://people.com/babies/rob-kardashian-initially-nervous-fatherhood-baby-dream-kardashian-eager-to-learn/; http://www.tmz.com/person/dream-kardashian/.

Design Mark and demanding that it cease its unlawful conduct. Standard has neither provided a substantive response to Medline's claims nor expressed an intention to comply with Medline's demands.

## FIRST CAUSE OF ACTION

### Trademark Infringement – 15 U.S.C. § 1114

21. Medline realleges the allegations contained in Paragraphs 1 through 20 above as if fully set forth herein.

22. Medline is the owner of U.S. Trademark Registration No. 4980889 for the Kuddle Up Design Mark for "baby blankets" in Class 24. See Exhibit A. Medline has not authorized Standard to use its Kuddle Up Design Mark.

23. Standard's unauthorized use of the Kuddle Up Design Mark or a similar mark is likely to cause confusion, or to cause mistake or to deceive.

24. Standard's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. As a direct and proximate result of this trademark infringement, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

26. As a direct and proximate result of this trademark infringement, Medline has suffered and is suffering monetary damages in an amount to be determined.

27. The willful and intentional nature of Standard's trademark infringement makes this an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### False Designation of Origin – 15 U.S.C. § 1125(a)

28. Medline realleges the allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

29. Standard's unauthorized use of the Kuddle Up Design Mark or a similar mark falsely suggests that it is affiliated, connected or associated with Medline, or that its blankets originate from, or are sponsored or approved by, Medline.

30. Standard's unauthorized use of the Kuddle Up Design Mark or a similar mark constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. As a direct and proximate result of this false designation of origin, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

32. As a direct and proximate result of this false designation of origin, Medline has suffered and is suffering monetary damages in an amount to be determined.

33. The willful and intentional nature of Standard's false designation of origin makes this an exceptional case under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION

### Trademark Counterfeiting – 15 U.S.C. §§ 1114 and 1116(d)

34. Medline realleges the allegations contained in Paragraphs 1 through 33 above as if fully set forth herein.

35. Standard's offering of knock-off baby blankets constitutes use of a spurious mark which is identical to, or substantially indistinguishable from, the Kuddle Up Design Mark. Such conduct is likely to cause confusion, or to cause mistake or to deceive.

36. Standard's acts constitute trademark counterfeiting of the Kuddle Up Design Mark in violation of Sections 32 and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114 and 1116(d).

37. As a direct and proximate result of this trademark counterfeiting, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

38. As a direct and proximate result of this trademark counterfeiting, Medline has suffered and is suffering monetary damages in an amount to be determined.

39. The willful and intentional nature of Standard's trademark counterfeiting makes this an exceptional case under 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION

### Common Law Trademark and Trade Dress Infringement

40. Medline realleges the allegations contained in Paragraphs 1 through 39 above as if fully set forth herein.

41. Standard's unauthorized use of the Kuddle Up Design Mark or a similar mark constitutes trademark and trade dress infringement under the common law of the State of Illinois.

42. As a direct and proximate result of this common law trademark and trade dress infringement, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

43. As a direct and proximate result of this common law trademark and trade dress infringement, Medline has suffered and is suffering monetary damages in an amount to be determined.

## FIFTH CAUSE OF ACTION

### Common Law Unfair Competition

44. Medline realleges the allegations contained in Paragraphs 1 through 43 above as if fully set forth herein.

45. Standard's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois.

46. As a direct and proximate result of this unfair competition, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

47. As a direct and proximate result of this unfair competition, Medline has suffered and is suffering monetary damages in an amount to be determined.

## SIXTH CAUSE OF ACTION

### Violations of Uniform Deceptive Trade Practices Act – 815 ILCS 510/1, *et seq.*

48. Medline realleges the allegations contained in Paragraphs 1 through 47 above as if fully set forth herein.

49. Standard's misconduct alleged herein constitutes several violations of the Illinois Uniform Deceptive Trade Practices Act, including the following:

    i. Passing off goods or services as those of Medline (815 ILCS 510/2(a)(1));

      ii.      Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services (815 ILCS 510/2(a)(2));

      iii.     Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Medline (815 ILCS 510/2(a)(3));

      iv.     Representing that goods or services have sponsorship or approval that they do not have, or that Standard has a sponsorship, approval, affiliation or connection that it does not have (815 ILCS 510/2(a)(5));

      v.      Representing that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, when they are of another (815 ULCS 510/2(a)(7));

      vi.     Engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding (815 ILCS 510/2(a)(12)).

50. Standard has willfully engaged in the above-described deceptive trade practices.

51. As a direct and proximate result of the these deceptive trade practices, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## SEVENTH CAUSE OF ACTION

### Violations of Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/1, *et seq.*

52. Medline realleges the allegations contained in Paragraphs 1 through 51 above as if fully set forth herein.

53. Standard's misconduct alleged herein constitutes unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

54. Upon information and belief, Standard has engaged in these unfair and/or deceptive methods and acts willfully, with bad faith, and with reckless disregard of Medline's rights.

55. As a direct and proximate result of these unfair and/or deceptive methods and acts, Medline has suffered and is suffering irreparable injury. Medline will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

56. As a direct and proximate result of these unfair and/or deceptive methods and acts, Medline has suffered and is suffering monetary damages in an amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Medline prays for relief as follows:

1. A judgment enjoining Standard, as well as its officers, directors, employees, agents and representatives, and all others acting in concert or participation with them, from using or offering goods bearing the Kuddle Up Design Mark, any substantially indistinguishable mark, or any other mark or design that is confusingly similar to the Kuddle Up Design Mark.

2. A judgment ordering Standard, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Medline within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Standard has complied with the injunction.

3. A judgment ordering Standard, pursuant to 15 U.S.C. §1118, to deliver up for destruction all blankets or other goods bearing the Kuddle Up Design Mark or any other mark or design that is confusingly similar to the Kuddle Up Design Mark.

4. A judgment ordering Standard to notify all of its customers that its knock-off blankets are counterfeit.

5. A judgment ordering Standard to notify all of its customers that its knock-off are infringing and not authorized by Medline.

6. A judgment that Standard account for and disgorge to Medline all of Standard's profits resulting from its acts of trademark and trade dress infringement, false designation of origin and unfair competition.

7. A judgment that Medline be awarded damages, plus interest, in an amount to be determined.

8. A judgment that Medline be awarded enhanced damages, up to three times its actual damages, pursuant to 15 U.S.C. 1117(a).

9. A judgment that Medline be awarded three times Standard's profits for use of a counterfeit mark, or three times Medline's damages, whichever is greater, pursuant to 15 U.S.C. 1117(b).

10. A judgment that Medline be awarded statutory damages for Standard's use of a counterfeit mark, if Medline so elects, of up to $200,000, or up to $2,000,000 if the Court finds that Standard's use was willful.

11. A judgment that Medline be awarded its reasonable attorney's fees pursuant to 15 U.S.C. 1117(a), 815 ILCS 510/1, *et seq.* and 815 ILCS 505/1, *et seq.*, or other applicable law.

12. A judgment that Medline be awarded appropriate punitive damages pursuant to 815 ILCS 505/1, *et seq.*, or other applicable law.

13. A judgment that Medline recover its costs of this action plus interest.

14. A judgment that Medline be granted such other and further relief as the Court deems just and proper.

Dated: December 30, 2016                    Respectfully submitted,

                                        PATTISHALL, McAULIFFE, NEWBURY,
                                          HILLIARD & GERALDSON LLP

                                /Seth I. Appel/
By: _____
    David C. Hilliard
    dch@pattishall.com
    Janet A. Marvel
    jam@pattishall.com
    Ashly I. Boesche
    aib@pattishall.com
    Seth I. Appel
    sia@pattishall.com
    200 South Wacker Drive, Suite 2900
    Chicago, Illinois 60606
    Telephone: (312) 554-8000
    Facsimile: (312) 554-8015

    *Attorneys for Plaintiff*
    *Medline Industries, Inc.*